UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FRANK A. RUST, | No. ED CV 10-00665-PA (VBK) |
| Plaintiff, | ORDER RE DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| SILVIA H. GARCIA, et al., | |
| Defendants. | |

Pro se Plaintiff Frank A. Rust (hereinafter referred to as "Plaintiff") filed a civil rights Complaint pursuant to 42 U.S.C. §1983 pursuant to the Court's Order re Leave to File Action Without Prepayment of Full Filing Fees on May 12, 2010 ("Complaint"). Following issuance of an "Order re Dismissal with Leave to Amend," Plaintiff filed a First Amended Complaint ("FAC").

**BACKGROUND**

**A. Complaint.**

Plaintiff alleges that Defendants have wrongfully denied him proper medical care. Specifically, Plaintiff alleges that Defendants have denied him properly prescribed orthopedic boots (by an outside

orthopedist) based on non-medical personnel's disagreement with the outside orthopedist's recommendation. (Complaint ¶ 19.) Plaintiff alleges that this denial of his orthopedic boots, without consulting the outside orthopedist, constitutes deliberate indifference to his medical care. Plaintiff alleges he has serious health problems, including high blood pressure, spinal problems (Plaintiff alleges he underwent major spine surgery), and a stroke, which has affected his movement and eyesight. (Complaint at ¶¶ 20-22.) Plaintiff alleges prolonged delays in treatment have caused him to suffer unnecessary psychological pain. Id. at 23. Plaintiff alleges that Defendants have no legitimate penological interest in prohibiting Plaintiff's prescription for orthopedic footwear. (Complaint ¶ 26A -I.) Plaintiff alleges that Defendants retaliatory intent is proved by Defendant Captain Smith's falsified statements. (Id. at 26 ¶ I.)

Plaintiff alleges the following causes of action: (1) Eighth Amendment - cruel and unusual punishment (deny, delay or interfere with medical treatment); (2) Eighth Amendment - right to adequate medical care; (3) Eighth Amendment - right to proper medical care; (4) Eighth Amendment - cruel and unusual punishment for failure to duty to use due care; (5) Fourteenth Amendment - equal protection violation; (6) Fourteenth Amendment - discrimination; (7) Fourteenth Amendment - Equal Protection Clause violation; (8) cruel and unusual punishment - deliberate indifference to serious medical needs; (9) cruel and unusual punishment - custody administration's objection to prescribed treatment; (10) cruel and unusual punishment - Defendants maliciously deprived Plaintiff of alternative choice of treatment; and (11) cruel and unusual punishment - Defendants denied Plaintiff substantial compliance with the Americans with Disabilities Act. (Plaintiff's

Complaint C4-C10; ¶¶ 27-37.)

Plaintiff names the following Defendants: Matthew Cate, Director of California Department of Corrections and Rehabilitation; Silvia H. Garcia, Warden at Ironwood State Prison; Violet Wells, Associate Warden at Ironwood State Prison; David Long, Chief Deputy Warden at Ironwood State Prison; M. Payto, Associate Warden, Health Care Operations at Ironwood State Prison; R. Johnson, Correction Captain, Health Care Access at Ironwood State Prison; S. Smith, Correctional Captain; G. W. Harris, Correctional Lieutenant Medical Appeals Reviewer; L. Blair, Health Care Appeals Coordinator; C. Hammond, Staff Service Manager I Appeals Examiner; N. Grannis. Chief Inmate Appeals; S. Danner, Appeals Coordinator; D. Hall, Correctional Sergeant; and Does 1-50. (Complaint at B2-B5.)

On June 18, 2010, Plaintiff filed a document entitled "Supplemental Material on Denial of Administrative 602 Grievance Procedures. A Continuing Problem at Ironwood State Prison."

**B.  First Amended Complaint**.

Plaintiff alleges that Defendants use a sole vendor for orthotic devices which he alleges creates a "legal conflict intrest [sic] of all parties." (FAC ¶ 8(c).) Plaintiff alleges that after a two-year process he is still without adequate prescribed orthopedic shoes. (Id., ¶ 8(d).) Plaintiff alleges that on May 11, 2010, he visited the outside vendor, orthotics specialist Dave Solist and was examined. Plaintiff complains that he was "met with a very poor attitude and unkind remarks/comments." (Id., ¶ 9(a).) Plaintiff alleges that on June 25, 2010, he was given orthotic shoes. (Id., ¶ 9(c).) He asserts the shoes did not work properly and that on the same day he tried to

3

return the shoes, but was denied. (Id., ¶¶ 9(d), (e).) Plaintiff complains that the construction of the orthotic boots he received is inadequate and reflects "a clear cut case of improper, dishonest and deceptive business practices ..." (Id., ¶ 9(e).)

Plaintiff alleges that J. M. Lee, the Chief Medical Officer ("CMO"), told him on July 21, 2010 that he could return the orthotic boots. Plaintiff alleges that the outside vendor did not accept the return. (Id., ¶ 10.) Plaintiff asserts that he requested that a different outside vendor orthotist be assigned, but he has not yet received a response to this. (Id., ¶ 12.)

## **STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Neitzke v. Williams, 319, 327 n.6, 109 S.Ct. 1827 (1989) (unanimous decision)(patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. Resnick v. Hays, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court

[is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 858 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state the claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 172 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555. The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very

remote and unlikely." Twombly, 55 U.S. at 556, 127 S.Ct. 1955 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**A.  Federal Rule Of Civil Procedure 8(a)**.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Rule 8 is designed to provide Defendants with fair notice of the claims against them and the grounds on which those claims rest. See

McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). When a complaint fails to comply with Rule 8, it may be dismissed pursuant to Fed.R.Civ.P. 41(b). McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996)(complaint properly dismissed under Rule 41 for failure to comply with Rule 8 in Court Order).

**DISCUSSION**

For all of the following reasons, the First Amended Complaint should be dismissed with leave to amend.

**A. Plaintiff Has Failed to State a §1983 Claim Against Defendants Matthew Cate and Warden Garcia.**

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations. See Rizzo v. Goode, 423 U.S. 362, 372-73 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

> A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which

7

[that person] is legally required to do that causes the deprivation of which complaint is made." [citation] Indeed, the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d at 743-44.

Plaintiff alleges no specific conduct linking Defendants Matthew Cate and Warden Garcia to any wrongdoing. In other words, Plaintiff does not allege that these Defendants proximately caused his orthopedic boot problems. As such, Plaintiff has failed to state a claim against these Defendants and they must be dismissed. See Taylor v. List, 880 F.22 1040, 1045 (9th Cir. 1989)(stating that supervisors are liable for violations of their subordinates if the supervisor "participated in or directed the violations, or knew of the violations and failed to prevent them.").

Additionally, supervisory personnel generally are not liable under 42 U.S.C. §1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992). A supervisory official may be liable under §1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Id. at 1446-1447. To premise a supervisor's alleged liability on a policy promulgated by the supervisor, the plaintiff must identify a specific policy and

establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). A "failure to train" theory can be the basis for a supervisor's liability under §1983 in only limited circumstances. See City of Canton, 489 U.S. at 387-90 (liability only where failure to train amounts to deliberate indifference).

Plaintiff has failed to identify any particular policy or policies promulgated by Defendants Matthew Cate and Warden Garcia which allegedly had a direct a direct causal link to the alleged civil rights violations about which Plaintiff is complaining. Additionally, Plaintiff has failed to allege sufficient facts to support a "failure to train" theory. Thus, the allegations of the FAC are insufficient to state a federal civil rights claim upon which relief can be granted.

### B. **Plaintiff Has Failed to State a Claim under the Americans with Disabilities Act or Rehabilitation Act**.

Plaintiff in conclusory language alleges that Defendants have violated his Fourteenth Amendment right to equal protection clause and have violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("RA").

In order to state a claim under Title II of the ADA, Plaintiff must allege that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of the prison's services, programs or activities; (3) he was either excluded from participation in or denied the benefits of the prison's services, programs or activities, or was otherwise discriminated against by the

prison; and (4) such exclusion, denial or discrimination was by reason of his disability. 42 U.S.C. §12132; <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004).

To state a claim under §504 of the RA, a plaintiff must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit of a program or activity; (3) he was denied the benefit of a program or activity solely by reason of his disability; and (4) the program or activity receives federal financial assistance. <u>See</u> 29 U.S.C. §794(a); <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1135 (9th Cir. 2001). Section 1983 is not a vehicle to vindicate statutory rights secured by the ADA or the RA; rather, a plaintiff must sue under those statutes directly. <u>See</u> <u>Miranda v. Kitzhaber</u>, 328 F.3d 1181, 1187-90 (9th Cir. 2003); <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1104 (2003).

Plaintiff's general reference to the rights of disabled prisoners under the ADA and the RA is not sufficient to meet his burden to plead the elements of a claim under either statute.

**C. <u>Plaintiff Is Granted Leave To Amend To State An Eighth Amendment Claim</u>.**

Plaintiff alleges eleven causes of action against Defendants. In Plaintiff's first, second, third, fourth, eighth, ninth and tenth causes of action, Plaintiff alleges that Defendants' conduct constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff alleges that Defendants have not provided him with the correct orthopedic boots to ameliorate his pain.

"Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference

to serious medical needs of the prisoner." Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987); Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference occurs when prison officials deny, delay or intentionally interfere with medical treatment or in the way in which prison officials provide medical care. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); Hunt v. Dental Dept., 865 F.2d 198 (9th Cir. 1989). Deliberate indifference may also be shown by a prison official's attitude and conduct in response to a prisoner's serious medical needs. Helling v. McKinney, 509 U.S. 25, 32-33 (1993); Estelle, 429 U.S. at 104-05.

To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious, and that the defendant official acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321 (1991). The required showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." Johnson, 134 F.3d at 1398 (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994). Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

The courts have recognized that deliberate indifference to serious medical needs may be manifested in two ways: "It may appear

when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1998)(citing Estelle v. Gamble, 429 U.S. at 105). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir.), cert. denied, 519 U.S. 1029 (1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff must set forth with particularity specific facts demonstrating each Defendant's "deliberate indifference" to Plaintiff's medical condition. Plaintiff should state what acts that Defendants did or failed to do to respect to Plaintiff's medical care.

Medical malpractice, even gross medical malpractice, does not amount to a violation of the Eighth Amendment. Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980). A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under §1983. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970).

Even analyzing the claim under the Fourteenth Amendment, Plaintiff has failed to state a claim. A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and

disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Knowledge is an essential element of this claim.

Mere negligence in diagnosing or treating a medical condition is not violative of constitutional standards. The inmate must demonstrate that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the offender had a "sufficiently culpable state of mind" in denying the proper medical care. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002), citing Wallace v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995).

Plaintiff's FAC alleges that Defendants have failed to provide Plaintiff with the type of orthopedic boot that meets with Plaintiff's satisfaction. A difference in opinion does not amount to deliberate indifference to Plaintiff's serious medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Although the Court doubts that Plaintiff can assert claims which are sufficient to plead the constitutional deprivations of which he complains, the Court will, nevertheless, allow Plaintiff one more opportunity to file a Second Amended Complaint. Accordingly, Plaintiff is granted leave to amend his Complaint to state facts which support a claim of deliberate indifference against each individual Defendant.

**D.    Plaintiff Has Failed to State a Claim for Retaliation.**

Plaintiff alleges that he filed grievances related to the denial of his orthopedic boots. Plaintiff alleges a fear of retaliation by prison staff for his attempts through the grievance process to resolve his claims. Id.

A claim may be stated under section 1983 for retaliation against a prisoner's First Amendment right to file a prison grievance. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights,[] and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). In <u>Rhodes</u> the Ninth Circuit also indicated that an allegation of harm could be sufficient if the inmate could not allege a chilling effect: "If [plaintiff] had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." <u>Id.</u> at 568 n.11.

A plaintiff asserting a retaliation claim must demonstrate a "but for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). <u>McDonald v. Hall</u>, 610 F.2d 16, 18 (1st Cir. 1979); see <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 97 S.Ct. 568 (1977). The prisoner must submit evidence, either direct or circumstantial to establish a link between the exercise of constitutional rights and the alleged retaliatory action. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See <u>Pratt</u>, 65 F.3d at 808; <u>Sorranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1316 (9th Cir. 1989).

Here, Plaintiff in conclusory language alleges he filed

14

grievances related to the denial of the orthopedic boots.  Plaintiff claims his grievances were improperly screened out in retaliation for his exercise of his First Amendment rights and not based on any legitimate penological interest.

Plaintiff's claims related to his grievances being not processed do not state a claim for retaliation.  Plaintiff has failed to provide specific details against each individual Defendant.  Such details are necessary for the Court to determine whether Plaintiff has stated a claim against each individual Defendant, as is required by Section 1983.  These details are also necessary for the Court to evaluate whether Plaintiff has shown a link between the protected activity and the destruction of his grievances.

### E. **Plaintiff Fails to State a Claim Based on the Processing of His Grievances**.

"An inmate has no due process rights regarding the proper handling of grievances."  <u>Wise v. Washington State Department of Corrections</u>, 244 Fed. Appx. 106, 108 (9th Cir. 2007), <u>cert. denied</u>, 552 U.S. 1282, 128 S.Ct. 1733 (2008).[1]  <u>See</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003)("Inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1998)("There is no legitimate claim of entitlement to a grievance procedure.").  Thus, Plaintiff cannot state a claim based on the mishandling or denial of his grievances.  Accordingly, Plaintiff's claims against Defendants N. Grannis, S.

---

[1] The Court may cite unpublished Ninth Circuit decisions issued on or after January 1, 2007.  United States Court of Appeals for the Ninth Circuit Rule 36-3(b); Fed.R.App.P. 32.1(a).

Danner, C. Hammond and G. W. Harris based on their handling of his grievances must be dismissed.

**CONCLUSION AND ORDER**

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his FAC to attempt to overcome the defects discussed above, and to allege a cognizable constitutional claim Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's FAC is dismissed with leave to amend; and (2) Plaintiff is granted 30 days from the date of this Memorandum and Order within which to file a "Second Amended Complaint." The Second Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original Complaint. Plaintiff may not add new parties without leave of the Court. Failure to comply with the requirements set forth in this Memorandum and Order may result in a recommendation that this action be dismissed with prejudice.

DATED: July 29, 2011  /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE